# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

WILLIAM EARL MCANDREWS,                          §
                                                 §
          *Plaintiff*,                           §
                                                 §
v.                                               §          CIVIL ACTION H-14-2504
                                                 §
C.R. BARD, INC., *et al.*,                       §
                                                 §
          *Defendants*.                          §

## ORDER

Pending before the court is defendants C.R. Bard, Inc. and Davol Inc's motion to dismiss, or in the alternative, motion to strike and for more definite statement.  Dkt. 20.  Having considered the motion, response, reply, and relevant law, the court is of the opinion that the motion to dismiss should be GRANTED IN PART and DENIED IN PART, and the motion to strike or for more definite statement should be DENIED.

## I. BACKGROUND

Plaintiff William McAndrews alleges that he was injured when defendants' surgical mesh was used to treat his hernia.  Dkt. 14 at 2.  The mesh was used in surgery in November 2010.  *Id.* Plaintiff alleges that the mesh caused gastrointestinal bleed, small bowel obstruction, and aspiration pneumonia, and that an additional surgery was necessary in September 2012 to remedy the complications caused by the mesh.  *Id.* at 2-3.  According to plaintiff, his medical problems were not fully remedied by the subsequent surgery, and he continues to suffer from nutrition and hydration related problems as a result of the faulty mesh.  *Id.* at 3.  Plaintiff's first amended complaint alleges negligence, gross negligence, and strict liability.  Defendants move to dismiss plaintiff's claims for

failure to state a claim.  Dkt. 20.  Alternatively, defendants move to strike certain of plaintiff's allegations and move to compel the plaintiff to provide a more definite statement.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  In evaluating a Rule 12(b)(6) motion, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322,324 (5th Cir. 1999)).  The court does not look beyond the face of the pleadings to determine whether the plaintiff has stated a claim.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  To survive a motion to dismiss, a claim for relief must be "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  However, motions for more definite statement are "generally disfavored."  *Lehman Bros. Holding, Inc. v. Cornerstone Mortg. Co.*, No. 09-0672, 2009 WL 1504977, at *1 (S.D. Tex. May 29, 2009) (Rosenthal, J.) (collecting authorities).  "When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted."  *Id.* (citations omitted).

Under Rule 12(f), the court may "strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter."

### III. ANALYSIS

**A.     Motion to Dismiss**

**1. Strict Liability Claims**

Plaintiff makes several allegations under the heading "Strict Liability."  Dkt. 14.  His allegations indicate that he is making claims for manufacturing defect, design defect, and marketing defect.  *Id.*  Plaintiff has included sufficient allegations to maintain his design and marketing defect claims, but has not pled a manufacturing defect sufficiently.

"A manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous."  *Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 800 (Tex. 2006).  Plaintiff's complaint does not allege any defect from specifications or planned output.  Plaintiff's only reference to a manufacturing defect states: "[the mesh] was in a defective condition and was unreasonably dangerous due to defects in its design, manufacture, and marketing."  Dkt. 14 at 6.  This is insufficient to state a manufacturing defect claim.

To succeed on a design defect claim, a plaintiff must show that "(1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which plaintiff seeks recovery."  *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009).  Plaintiff has sufficiently plead these elements.  Paragraph 20 of plaintiff's first amended complaint states:

> "[t]he mesh product in question was unreasonably dangerous as designed taking into consideration the utility of the product and the risk involved in its use.  Specifically, the mesh was contaminated with unsafe levels of endotoxins and was likely to migrate and erode . . . [O]ne or more safer, alternative designs (including designs which did not rely on porcine dermis) were in existence at the time [the] mesh was made and sold.  The safer alternative designs would, in reasonable probability, have prevented or significantly reduced the risk of the Plaintiff's injuries."

3

Dkt. 14 at 6.  Defendants argue that the presence of endotoxins does not make the product unsafe. Dkt. 20 at 13.  However, the relevant inquiry is not whether plaintiff will actually prove the elements of his claim, but whether he has stated them.  In this instance, he has.

"A marketing defect occurs when a defendant knows or should know of a potential risk of harm presented by the product but markets it without adequately warning of the danger or providing instructions for safe use."  *Graber v. Hoffman-La Roche Inc.*, 392 F. Supp. 2d 907, 914 (S.D. Tex. 2005).  In cases involving learned intermediaries, such as prescribing physicians, the manufacturer must provide adequate warning to the intermediary, who then assumes the duty to pass the warnings on to the end user.  *Centocor, Inc. v. Hamilton*, 372 S.W.3d 140, 154 (Tex. 2012).  Plaintiff adequately pleads a claim for marketing defect.  Specifically, he alleges that the warnings provided were not adequate to catch the attention of physicians, were not comprehensive, and did not give a fair indication of the risks associated with the mesh and that the defects proximately caused plaintiff's injuries. Dkt. 14 at 7.  This is enough to survive defendants' motion to dismiss.

### 2. Negligence Claim

Under Texas law, a plaintiff that fails to allege the elements of a strict liability claim cannot pursue a claim for negligence since a defendant cannot be negligent for manufacturing a product that was not unreasonably dangerous.  *Garrett v. Hamilton Standard Controls, Inc.*, 850 F.2d 253 (5th Cir. 1988).  Defendants argue that plaintiff's negligence claim should be dismissed for failure to allege a design, manufacturing, or marketing defect.  As analyzed above, the court finds that plaintiff has adequately plead design and marketing defects.  Accordingly, the negligence claim is also adequately plead.

### 3. Gross Negligence Claim

In order to state a claim for gross negligence, a plaintiff must allege facts indicating that "the

defendant knew about the peril, but his acts or omissions demonstrate that he did not care." *Louisiana-Pac. Corp. v. Andrade*, 19 S.W.3d 245, 247 (Tex. 1999). Plaintiff alleges that defendants "were aware of the unsafe levels of endotoxins contaminating the Xenmatrix mesh" prior to plaintiff's surgery and that continuing to manufacture and distribute the mesh was gross negligence. Dkt. 14 at 5. This is sufficient to state a claim for gross negligence.

**B.     Motion to Strike**

Defendants move to strike plaintiff's allegations of negligence as they relate to any claims the court dismisses. Since the court finds that plaintiff successfully states a claim for design and marketing defects, the claims of negligent design and negligent marketing can remain as well. While the court finds that plaintiff's amended complaint does not adequately allege a manufacturing defect, it will allow plaintiff to replead that cause of action. Accordingly, there is not support for striking plaintiff's negligence allegations.

**C.     Motion for More Definite Statement**

Defendants argue that plaintiff should be required to provide a more definite statement of his negligence claims. The court finds that plaintiff's negligence claims are plead sufficiently. It is apparent from the complaint that the facts alleged generally throughout plaintiff's complaint are applicable to his negligence claims.

## IV. CONCLUSION

Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.  Plaintiff's claim for manufacturing defect is DISMISSED.  However, plaintiff may replead his manufacturing defect claim in an amended complaint within fifteen days of the date of this order.  Defendants' motions to strike and for more definite statement are DENIED.

It is so ORDERED.

Signed at Houston, Texas on May 5, 2015.

_____
Gray H. Miller
United States District Judge